IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JETHRO L. LARKIN II,

Plaintiff,

v.

JAMES CARLSON,

Defendant.

No. C-12-1713 TEH (PR)

ORDER OF DISMISSAL

Plaintiff, a California state prisoner incarcerated at California Correctional Institution in Tehachapi, California, has filed a pro se civil rights action under 42 U.S.C. § 1983. This action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. The Court has reviewed Plaintiff's complaint and, for the reasons set forth below, Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim. Petitioner's application for leave to proceed in forma pauperis will be addressed in a separate order.

I

Plaintiff commenced this action when he filed a 5-page

1 letter with the Court on April 5, 2012.  The Court cannot act on
2 informal letters, documents, narratives, requests, etc.
3 Consequently, on the same day the letter was filed, the Clerk
4 notified Plaintiff that he not filed a complaint and mailed to
5 Plaintiff the Court's form complaint for prisoner civil rights
6 actions under 42 U.S.C. § 1983.  Doc. #2.
7      On June 7, 2012, Plaintiff filed a formal complaint.
8 Doc. #10.  In this formal complaint, Plaintiff raises a new claim
9 that was not raised in his initial letter, and names as a defendant
10 a correctional officer that was not referenced in his initial
11 letter.  Specifically, Plaintiff alleges that on October 18, 2010,
12 correctional officer James Carlson verbally harassed and humiliated
13 him.  Id. at 4-5.  Plaintiff seeks a letter of apology from
14 defendant, general damages of $8,500.00, compensatory damages of
15 $16,000.00, and punitive damages of $42,500.00.  Id. at 6.
16      This formal complaint is the operative complaint, and
17 therefore the Court must assume that Plaintiff no longer seeks
18 relief for the claims raised in his initial letter, which arose from
19 distinct and unrelated incidents, and were asserted against a
20 variety of different defendants.   Federal joinder rules prohibit
21 joining multiple claims and multiple defendants in a single action.
22 See Fed. R. Civ. P. 18(a) ("A party asserting a claim, counterclaim,
23 crossclaim, or third-party claim may join, as independent or
24 alternative claims, as many claims as it has against an opposing
25 party."), 20(a)(2) (multiple parties may be joined as defendants in
26 one action only "if any right to relief is asserted against them
27
28                                    2

jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."). If Plaintiff wishes to seek relief for the issues raised in his initial letter, he must file a new complaint doing so that complies with the federal rules.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff complains that on October 18, 2010, defendant verbally harassed and humiliated him. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42

3

1  U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir.
2  1997) overruled in part on other grounds by Shakur v. Schriro, 514
3  F.3d 878, 884-85 (9th Cir. 2008); Keenan v. Hall, 83 F.3d 1083, 1092
4  (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998)
5  (disrespectful and assaultive comments by prison guard not enough to
6  implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139
7  (9th Cir. 1987) (directing vulgar language at prisoner does not
8  state constitutional claim).  Accordingly, Plaintiff's complaint is
9  DISMISSED with prejudice for failure to state a claim.  The clerk
10 shall deny all pending motions as moot and close the file.
11         IT IS SO ORDERED.
12 DATED    07/09/2012
13                                 THELTON E. HENDERSON
                                   United States District Judge
14
15
   G:\PRO-SE\TEH\CR.12\Larkin-12-1713-dismissal.ftsc.wpd
16

**4**